**CT Corporation**

**Service of Process Transmittal**
08/02/2021
CT Log Number 540007633

TO: Christine Damask
Rexnord Corporation
511 W FRESHWATER WAY
MILWAUKEE, WI 53204-4113

RE: **Process Served in Texas**

FOR: Zurn Industries, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ANN WIHTECOTTON HOMES, LLC AND GREAT AMERICAN ASSURANCE COMPANY AS SUBROGEE OF ANN WHITECOTTON HOMES, LLC, PLTFS. vs. CALIFORNIA FAUCETS, INC., DFT. // TO: ZURN INDUSTRIES, LLC |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # C2020391 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/02/2021 at 16:04 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/02/2021, Expected Purge Date: 08/07/2021<br><br>Image SOP<br><br>Email Notification,  Jessie Pampuch  jessica.pampuch@rexnord.com<br><br>Email Notification,  Christine Damask  christine.damask@rexnord.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>866-331-2303<br>CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**EXHIBIT C**


Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Mon, Aug 2, 2021

**Server Name:**                   Anthony Collins

| | |
|---|---|
| Entity Served | ZURN INDUSTRIES, LLC |
| Case Number | C2020391 |
| Jurisdiction | TX |



ON TIME PROCESS
1-800-274-5604
6-2-21   Amy

TO:   ZURN INDUSTRIES, LLC
      REGISTERED AGENT: CT CORPORATION
      1999 BRYAN STREET, SUITE 900
      DALLAS TX 75201

YOU ARE HEREBY COMMANDED TO APPEAR BY FILING A WRITTEN ANSWER TO THE PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION WITH THE DISTRICT CLERK, WHO IS THE CLERK FOR THE 355TH JUDICIAL DISTRICT COURT IN AND FOR HOOD COUNTY, LOCATED IN THE HOOD COUNTY JUSTICE CENTER, 1200 W. PEARL ST., CITY OF GRANBURY, TEXAS.

NOTICE: YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DOES NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU. IN ADDITION TO FILING A WRITTEN ANSWER WITH THE CLERK, YOU MAY BE REQUIRED TO MAKE INITIAL DISCLOSURES TO THE OTHER PARTIES OF THIS SUIT. THESE DISCLOSURES GENERALLY MUST BE MADE NO LATER THAN 30 DAYS AFTER YOU FILE YOUR ANSWER WITH THE CLERK. FIND OUT MORE AT TEXASLAWHELP.ORG

THIS SUIT IS NUMBERED C2020391, AND WAS FILED IN THE 355TH JUDICIAL DISTRICT COURT ON 11/13/2020 AND IS STYLED:

|  |  |
|---|---|
| ANN WHITECOTTON HOMES, LLC, AND GREAT AMERICAN ASSURANCE COMPANY AS SUBROGEE OF ANN WHITECOTTON HOMES, LLC | PLAINTIFF |
| VS. |  |
| CALIFORNIA FAUCETS, INC.; ZURN INDUSTRIES, LLC | DEFENDANT |

WHO ARE THE PARTIES IN THIS SUIT, AND THE NATURE OF THE SUIT IS SHOWN IN THE COPY OF THE PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION, ATTACHED HERETO.

NAME & ADDRESS OF PLANTIFF'S ATTORNEY
W. CHRIS SURBER
GAUNTT KOEN BINNEY & KIDD LLP
25700 I-45 NORTH
SUITE 130
SPRING TX 77386

TONNA TRUMBLE HITT
DISTRICT CLERK
HOOD COUNTY JUSTICE CENTER, 1200 W. PEARL ST.
GRANBURY, TEXAS 76048

WITNESS: TONNA TRUMBLE HITT
CLERK OF THE DISTRICT COURT,
HOOD COUNTY, TEXAS.
ISSUED AND GIVEN UNDER MY HAND
AND SEAL OF SAID COURT, AT

OFFICE IN GRANBURY, TEXAS, THIS
JULY 26, 2021

BY: _____ DEPUTY

*****************************************************************************************************
OFFICER'S OR AUTHORIZED PERSON'S RETURN

RECEIVED THIS CITATION ON THE _____ DAY OF _____, 2021, AT _____O'CLOCK ___.M. AND EXECUTED AT _____ WITHIN THE COUNTY OF _____, STATE OF _____ ON THE _____DAY OF _____,2021 AT _____ O'CLOCK _____.M. BY DELIVERING TO THE WITHIN NAMED_____ A TRUE COPY THIS CITATION TOGETHER WITH THE ACCOMPANYING COPY OF THE PLAINTIFFS PETITION, HAVING FIRST ENDORSED ON SAME THE DATE OF DELIVERY. THE METHOD OF SERVICE WAS _____ THE UNDERSIGNED UPON OATH SAYS THAT HE/SHE IS A DISINTERESTED PERSON AND THAT HE/SHE IS OVER THE AGE OF 18 YEARS.
FEE $_____

_____
SHERIFF/CONSTABLE/AUTHORIZED PERSON
_____ COUNTY, TEXAS
BY_____DEPUTY
(MUST BE VERIFIED IF SERVED OUTSIDE THE STATE OF TEXAS OR SERVED BY A PERSON AUTHORIZED BY THE COURT.)
STATE OF _____ COUNTY OF _____ SIGNED AND SWORN TO BY THE SAID _____ BEFORE ME ON THIS THE _____ DAY OF _____, 2021.

NOTARY PUBLIC_____
COMMISSION EXPIRES : _____
(SEAL)                          PRINTED NAME _____

CAUSE NO. C2020391

| | | |
|---|---|---|
| ANN WHITECOTTON HOMES, LLC, | § | IN THE DISTRICT COURT OF |
| AND GREAT AMERICAN ASSURANCE | § | |
| COMPANY AS SUBROGEE OF ANN | § | |
| WHITECOTTON HOMES, LLC | § | |
| *Plaintiffs,* | § | |
| | § | |
| VS. | § | HOOD COUNTY, TEXAS |
| | § | |
| CALIFORNIA FAUCETS, INC. | § | |
| *Defendant.* | § | 355TH JUDICIAL DISTRICT |

---

**PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION, REQUEST FOR
DISCLOSURE, REQUEST FOR JURY TRIAL, AND RULE 193.7 NOTICE OF INTENT**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Ann Whitecotton Homes, LLC and Great American Assurance Company

as subrogee of Ann Whitecotton Homes, LLC, Plaintiffs in the above-entitled cause, and file this

First Amended Original Petition complaining of Defendants, California Faucets, Inc. and Zurn

Industries, LLC doing business as Zurn Industries Plumbing Products, LLC, and in support hereof

would respectfully show this Honorable Court as follows:

### I.     DISCOVERY CONTROL PLAN

1.     Plaintiffs intend to conduct discovery under Level 3 as described by Rule 190.4 of

the Texas Rules of Civil Procedure.

### II.     PARTIES

2.     Plaintiff, Ann Whitecotton Homes, LLC, is a domestic limited liability company

organized and existing under the laws of the State of Texas, doing business in the State of Texas,

and with its principal place of business in Texas.

3.      Plaintiff, Great American Assurance Company as subrogee of Ann Whitecotton Homes, LLC, is an insurance company organized under the laws of the State of Ohio with its principal place of business in Ohio.  Great American Assurance Company is licensed to write insurance in the State of Texas.  Great American Assurance Company issued the insurance policy in question to its insured in Texas.

4.      Defendant, California Faucets, Inc., is a foreign for profit corporation organized and existing under the laws of the State of California.  Based on information and belief, Defendant, California Faucets, Inc., failed to appoint or maintain a registered agent in Texas.  Defendant, California Faucets, Inc., has retained counsel and filed an answer in this case.

5.      Defendant, Zurn Industries, LLC doing business as Zurn Industries Plumbing Products, LLC, is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business in the state of Wisconsin.  Defendant, Zurn Industries, LLC doing business as Zurn Industries Plumbing Products, LLC, may be served with citation and process by serving its registered agent, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.  Plaintiffs request issuance of citation at this time.

### III.    JURISDICTION AND VENUE

6.      This Court has personal jurisdiction over Defendants because they purposefully availed themselves to the jurisdiction of this Court.  Defendants have sought some economic benefit, advantage, or profit by availing themselves to this jurisdiction.  Additionally, Defendants committed a tort, in whole or in part, in Texas.  Therefore, this Court has personal jurisdiction over Defendants.

7.      This court has subject matter jurisdiction of this controversy because the damages sought are within the jurisdictional limits of the court. Plaintiffs seek monetary relief over

$100,000.00 but not more than $200,000.00. Specifically, Plaintiffs seek $82,159.00 in actual and consequential damages plus reasonable and necessary attorney's fees, court costs, expenses, pre-judgment interest from 180 days after Defendants received notice of Plaintiffs' claim, and post-judgment interest from the date judgment is entered.

        8.      Venue is proper in Hood County, Texas under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Hood County, Texas.

## IV.    FACTS

        9.      Plaintiff, Ann Whitecotton Homes, LLC, was the general contractor of a single-family residence located at 4225 Fairway, Granbury, Texas 76048 (hereinafter "the Property"). The Property is located in Hood County.

        10.      Plaintiff, Great American Assurance Company as subrogee of Ann Whitecotton Homes, LLC, issued a builder's risk insurance policy to Ann Whitecotton Homes, LLC, policy number IMP 1551611 03 00 (the "Policy"). The Policy provided coverage for property damage and other covered damages that the Property sustained during the effective dates of the Policy.

        11.      On or about November 14, 2019, a water leak was discovered at the Property. Subsequent investigation indicated that the leak was caused by a defective part in a fixture manufactured by Defendant. Metallic debris was found in the valve that Defendants manufactured. Based on information and belief, the defective valve allowed water to bleed across the lines even when in the off position. The defective valve caused the backflow of cold water through the hot side of the piping which caused the leak in question and resulting property damages.

        12.      Following the incident in question, Plaintiff, Ann Whitecotton Homes, LLC, had to make substantial repairs to the Property. Additionally, Plaintiff, Ann Whitecotton Homes, LLC,

incurred soft cost and additional interest damages due to the actions and/or omissions of Defendants.

13. The aforementioned acts and/or omissions of Defendants, individually and/or collectively were a proximate and producing cause of Plaintiff, Ann Whitecotton Homes, LLC's damages for which Plaintiffs now sue.

## V.    CAUSES OF ACTION

### A.    NEGLIGENCE

14. Plaintiffs incorporate the preceding paragraphs herein by reference as if set out in full.

15. Defendants owed a common law duty to exercise reasonable care in manufacturing and designing the valve body in question to not fail and/or to not allow water to bleed from the cold to the hot side, and vice versa, in the off position. Defendants violated this duty by designing and/or manufacturing the part in question in a manner that did not prevent water from crossing lines in the off position. Defendants' breach of duty allowed water to backflow from the cold to the hot water side and cause the leak in question. Additionally, and in the alternative, Defendants had a common law duty to use reasonable care in the manufacture and design of the valve to prevent the same from failing under normal operating conditions and/or when not in use.

16. Defendants' failure to exercise a reasonable degree of care in manufacturing and designing the fixture and valve in question proximately caused damages to the Property. Further, the incident in question and related delays in restoration of the water damaged areas of the Property caused soft costs and additional interest to accrue on the loan related to the construction. Plaintiffs bring suit to recover the building damages, mitigation damages, soft costs, additional interest, and pre-judgment and post-judgment interest and court costs.

**B.    BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

17.    Plaintiffs incorporate the preceding paragraphs herein by reference as if set out in full.

18.    Defendants sold products to third parties to be used and installed at the Property.

19.    The products in question were unmerchantable.  The products were unfit for the ordinary purpose for which they were used.

20.    Plaintiffs notified Defendants of the breach following the incident.

21.    As a result of Defendants' breach of implied warranty, Plaintiffs suffered damages to the Property's building and also incurred additional interest damages.  Plaintiffs bring suit to recover the building damages, mitigation damages, soft costs, additional interest, reasonable and necessary attorney's fees, pre-judgment and post-judgment interest, and court costs.

**C.    VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT**

22.    Plaintiffs incorporate the preceding paragraphs herein by reference as if set out in full.

23.    Plaintiff, Ann Whitecotton Homes, LLC, is a consumer as that term is defined under Section 17.45(4) of the Texas Business and Commerce Code.

24.    Defendants engaged in certain false, misleading and deceptive acts, practices, and/or omissions actionable under the Texas Deceptive Trade Practices – Consumer Protection Act (Tex. Bus. & Comm. Code Ann., Chapter 17.41, *et seq.*) as alleged herein.  Defendants' representations and actions were false, misleading, and deceptive to the extent that Defendants:

      a.    passed off goods or services as those of another (Tex. Bus. & Comm. Code Ann. § 17.46(b)(1));

b.   caused confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services (Tex. Bus. & Comm. Code Ann. § 17.46(b)(2));

c.   represented that goods or services had sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities which they did not have (Tex. Bus. & Comm. Code Ann. § 17.46(b)(5));

d.   represented that goods or services were of a particular standard, quality, or grade when they were of another (Tex. Bus. & Comm. Code Ann. § 17.46(b)(7));

e.   represented that a guarantee or warranty confers or involves rights or remedies which it does not have or involve (Tex. Bus. & Comm. Code Ann. § 17.46(b)(20));

f.   failed to disclose information concerning goods or services which was known at the time of the transaction when the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed (Tex. Bus. & Comm. Code Ann. § 17.46(b)(24)); and

g.   breached express and/or implied warranties (Tex. Bus. & Comm. Code Ann. § 17.50(a)(2)).

25.   All of the aforementioned acts, omissions, and failures of Defendants were relied upon by Plaintiff, Ann Whitecotton Homes, LLC, to its detriment, and were a proximate and producing cause of Plaintiffs' damages. Plaintiffs seek damages for such conduct for which they now sue.

## VI.   DAMAGES

26.   Plaintiffs incorporate the preceding paragraphs herein by reference as if set out in full.

27.   Great American Assurance Company issued an insurance policy, policy number IMP 1551611 03 00, to Plaintiff, Ann Whitecotton Homes, LLC, and paid Plaintiff, Ann Whitecotton Homes, LLC, money under that policy for its losses caused by Defendants' actions

and/or omissions. Great American Assurance Company hereby asserts its contractual and/or equitable subrogation rights to recover monies paid to Plaintiff, Ann Whitecotton Homes, LLC, from Defendants.

28.     As a proximate result of Defendants' actions and/or omissions, Plaintiff, Ann Whitecotton Homes, LLC, sustained physical damage to the Property. Plaintiffs' damages consist of the cost to mitigate the water damage to the Property, the cost to repair the Property, and the additional interest incurred on loans related to the construction of the Property. Without applying any offset or credits, the actual and consequential damages proximately caused by the actions and/or omissions of Defendants total $82,159.00.

29.     Plaintiffs further plead that they are entitled to recover pre-judgment and post-judgment interest in accordance with law and equity as part of its damages herein, and Plaintiffs herein now specifically sue for recovery of pre-judgment interest from 180 days after Defendants received notice of Plaintiffs' claim and post-judgment interest from the date of the judgment herein, as provided by law and equity, under the applicable provisions of the laws of the State of Texas.

## VII.     ATTORNEY'S FEES

30.     Plaintiffs incorporate the preceding paragraphs herein by reference as if set out in full.

31.     Plaintiffs seek recovery of attorney's fees pursuant to Texas Deceptive Trade Practices Act and due to Defendants' breach of warranty. As a result of Defendants' wrongful acts and/or omissions, Plaintiffs were forced to retain the processional services of W. Chris Surber and the law firm of Gauntt, Koen, Binney & Kidd, LLP, for which they are entitled to recover reasonable and necessary attorney's fees and expenses incurred in this matter. TEX. BUS. & COMM.

CODE ANN. § 17.50(d).  Plaintiffs also seek to recover their reasonable and necessary attorney's fees due to Defendants' breach of warranty.  *See Med. City Dallas, Ltd. v. Carlisle Corp.*, 251, S.W.3d 55 (Tex. 2008).

32.    Prior to filing suit, Plaintiffs presented a claim to Defendants based on the damages proximately caused by the incident in question.  Plaintiffs presented the claim in writing to Defendant California Faucet's insurance company, and demanded payment for the damages incurred as a result of the incident.  More than thirty (30) days after the date of the demand for payment, payment for the just amount was not tendered and has not been tendered to date.

33.    As a result of Defendants' failure and refusal to pay the claim, Plaintiffs, through the undersigned legal counsel, was forced to institute and prosecute this action.  Plaintiffs are therefore entitled under Chapter 17 of the Texas Business and Commerce Code to recover their reasonable and necessary attorney's fees incurred in prosecuting this action.

## VIII.   DEMAND FOR JURY TRIAL

34.    Pursuant to the provisions of Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs formally make this demand and application for a jury trial in this lawsuit.  A jury fee was previously tendered at the time this suit was filed.

## IX.   REQUEST FOR DISCLOSURE

35.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that Defendant, Zurn Industries, LLC doing business as Zurn Industries Plumbing Products, LLC, disclose, within fifty (50) days of the service of this request, the information or material described in Rule 194.2 (a) through (i).

## X.    RULE 193.7 NOTICE OF INTENT

36.    Plaintiffs hereby give notice of intent to utilize items produced in discovery in the trial of this matter and the authenticity of such items is proven as per Rule 193.7 of the Texas Rules of Civil Procedure.

## XI.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Ann Whitecotton Homes, LLC and Great American Assurance Company as subrogee of Ann Whitecotton Homes, LLC, pray that Defendants, California Faucets, Inc. and Zurn Industries, LLC doing business as Zurn Industries Plumbing Products, LLC, be cited to appear and to answer herein, and that upon a final trial, Plaintiffs have judgment against Defendants for the following:

a.    actual damages in an amount in excess of the minimum jurisdictional limits of this court;

b.    reasonable and necessary attorney's fees;

c.    pre-judgment interest at the maximum rate allowed by law from 180 days after Defendant received notice of Plaintiffs' claim;

d.    post-judgment interest at the maximum rate allowed by law from the date judgment is entered;

e.    costs of court; and

f.    such other and further relief the court deems appropriate.

{signature on the following page}

---

Respectfully submitted,

GAUNTT KOEN BINNEY & KIDD LLP

By: _____

W. Chris Surber
State Bar No. 24064052
25700 I-45 North, Suite 130
Spring, Texas 77386
Telephone:     281-367-6555
Facsimile:     281-367-3705
Email:          chris.surber@gkbklaw.com
Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

This document was served in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on July 22, 2021:

Mr. David A. McFarland
Mr. Christopher G. Rigler
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201-2832
Telephone:     214-871-8200
Facsimile:     214-871-8209
Email:          dmcfarland@thompsoncoe.com
Email:          crigler@thompsoncoe.com
COUNSEL FOR DEFENDANT

_____
W. Chris Surber